UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMALL ANDERSON,<br><br>                              Plaintiff,<br><br>              -against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>                              Defendant. | 25-CV-9495 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at FCI Danbury in Connecticut, brings this *pro se* action invoking *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He asserts an equal protection claim arising from his prosecution and sentencing for sex trafficking. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Massachusetts.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff pleaded guilty in the United States District Court for the District of Massachusetts. *See United States v. Anderson*, No. 23-CR-10216 (D. Mass. June 26, 2025) (amended judgment imposing 180 months in prison and 5 years' supervised release), *appeal pending*, 25-1968 (1st Cir.). He alleges that the government engaged in race discrimination by charging him more harshly than "white male defendants" who engaged in similar conduct, which resulted in his receiving a longer sentence. (ECF 1 at 1-3.) Plaintiff seeks resentencing and money damages. (*Id.* at 4.)

Plaintiff alleges that the government violated his federally protected rights in connection with his criminal prosecution in the United States District Court for the District of Massachusetts. Because Plaintiff does not allege that any defendant resides in this district[1] or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b).[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the District of Massachusetts. *See* 28 U.S.C. § 101. Accordingly, venue lies in the District of Massachusetts, 28

---

[1] The named Defendant, the United States Department of Justice, arguably resides in the Southern District of New York as well as the District of Massachusetts. This Defendant, however, is immune from suit under the doctrine of sovereign immunity, which bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

[2] To the extent Plaintiff seeks to challenge the imposition of his sentence, he must seek such relief in the District of Massachusetts, where he was convicted, by filing a motion to vacate his sentence under 28 U.S.C. § 2255.

U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. A summons shall not issue from this Court. This order closes the case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 18, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[3] Plaintiff filed an application for leave to proceed *in forma pauperis*, but he did not submit a prisoner authorization. To the extent Plaintiff seeks relief under Section 2255, a prisoner authorization and fee are not required. Whether Plaintiff's submission should be construed as seeking such relief is a determination to be made by the transferee court.